# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL SESSION, 1997

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9610-CR-00378** |
| Appellee, | ) | |
| | ) | |
| | ) | **HAMILTON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. GARY D. GERBITZ** |
| **DONNIE LAMAR CARDEN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Certified Question of Law)** |

FOR THE APPELLANT:

JOHN G. MCDOUGAL
701 Broad Street, Tivoli Center
Suite One LL
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

BILL COX
District Attorney General

JOHN BOBO
Assistant District Attorney
Courts Building
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

A Hamilton County grand jury indicted Appellant, Donnie Carden, with charges of Driving Under the Influence and Possession of Marijuana. Appellant filed a motion to dismiss based upon his contention that prosecution of these charges was barred by double jeopardy. After a hearing, Appellant's motion was denied. Appellant pled guilty to D.U.I. - 3rd offense and Possession of Marijuana, but reserved the right to appeal based on a certified question of law. Appellant raises the issue whether the policy of the Hamilton County jail of holding someone in custody for a period of six hours to "sober" them up is punitive in nature and whether the Fifth Amendment protection against double jeopardy barred subsequent prosecution of Appellant on the charges for which he was arrested after confinement under this policy .

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Hamilton County law enforcement arrested Appellant on November 4, 1995, for driving under the influence, possession of marijuana, and for possession of drug paraphernalia. Appellant refused to submit to a breath alcohol test and was incarcerated in the Hamilton County jail. Appellant was held in custody for nine and one half hours before being released on bail into his father's custody.

The Hamilton County jail has a policy requiring that anyone arrested for Driving Under the Influence must be detained in that facility for at least six hours. The county sheriff testified that this policy is based upon public safety considerations. In Appellant's case, Appellant's father  posted bond for Appellant approximately five hours before

Appellant was released. After the denial of Appellant's motion to dismiss, Appellant pled guilty while reserving this question of law.

With respect to Appellant's double jeopardy issue, Appellant relies upon this Court's decision in State v. Pennington, C.C.A. No. 0101-937-PB-00219, Davidson County (Tenn. Crim. App. , Nashville, Feb.1, 1996) to support his contention that detention pursuant to a policy of detaining arrestees after arrest for D.U.I. makes subsequent prosecution for D.U.I. violative of double jeopardy. However, the Supreme Court recently released State v. Pennington, S.Ct. No. 01-S-01-9607-PB-00133, Davidson County (Tenn., Sept. 8, 1997) overturning this Court's decision in that matter. In that opinion, the Supreme Court specifically held that detention policies such as the one at issue in this case do not invoke the protections of double jeopardy.

> In this case, the parties stipulated that one of the purposes of the detention policy was to keep suspected drunk drivers off the road for a period of time after their arrest. In other words, the policy was intended, at least in part, to protect the public from individuals who had been arrested on suspicion of driving under the influence. This is a remedial purpose, not a punitive one, and therefore, the defendant's initial appearance before the judicial commissioner does not constitute an essentially criminal proceeding brought to "vindicate public justice."

Pennington, Id..

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.


_____
JERRY L. SMITH, JUDGE

-3-

CONCUR:

_____
JOE G. RILEY, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE